**§ 362 INFORMATION SHEET**

LISA ANN HENSON      CASE NO.: BK-S-19-12871-BTB

CHAPTER 7

DEBTOR

CREDITOR, HLS OF NEVADA LLC *dba* NEVADA WEST FINANCIAL

MOVANT

---

*Certification of Attempt to Resolve the Matter Without Court Action*

Moving counsel hereby certifies that pursuant to the requirements of LR 400(a)(5), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.

Date: August 29, 2019      Signature: /s/Christine A. Roberts
                                            Attorney for Movant

---

PROPERTY INVOLVED IN THIS MOTION: YES
NOTICE SERVED ON: Debtor(s) __X__ ; Debtor's Counsel __X__ Trustee __X__ ;
DATE OF SERVICE: 08/29/2019

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY OF LIENS: | The EXTENT and PRIORITY OF LIENS: |
| 1st  $8,507.94<br>2nd<br>3rd<br>4th<br>Other:<br>Total Encumbrances: N/A | 1st  N/A<br>2nd<br>3rd<br>4th<br>Other:<br>Total Encumbrances: |
| APPRAISAL of OPINION as to VALUE:<br>Cram Down Value | APPRAISAL of OPINION as to VALUE. |
| TERMS of MOVANT'S CONTRACT with the DEBTOR(S): | DEBTOR'S OFFER of "ADEQUATE PROTECTION" for MOVANT |
| Amount of Note: $10,366.44<br>Interest Rate: 18%<br>Duration: 60 months<br>Payment per Month: $263.28<br>Amount in Arrears:<br>Date of Notice of Default: 07/10/2019<br><br>SPECIAL CIRCUMSTANCES:<br>2009 FORD MUSTANG<br>Vin # 4ZVHT80N095126151<br><br>SUBMITTED BY: Christine A. Roberts<br>SIGNATURE: /s/ | <br><br><br><br><br>SPECIAL CIRCUMSTANCES:<br><br><br><br>SUBMITTED BY:<br>SIGNATURE: |

- 1 -

The Law Offices of Christine A. Roberts PLLC
Christine A. Roberts, Esq.
Nevada Bar No: 6472
3815 S. Jones Blvd. Suite 5
Las Vegas, NV 89103
Telephone: (702) 728-5285
Email: christine@crobertslaw.net

Electronically Filed: August 29, 2019

Attorneys for HLS of Nevada LLC *dba* Nevada West Financial

UNITED STATES BANKRUPTCY COURT
District of Nevada

In Re ) CASE NO.: BK-S-19-12871-BTB
)
LISA ANN HENSON ) Chapter 7
)
)
Debtor. ) **MOTION FOR RELIEF FROM THE**
) **AUTOMATIC STAY**
)
) Hearing Date: October 8, 2019
)
) Hearing Time: 10:00 a.m.
)

COMES NOW, HLS of Nevada LLC *dba* Nevada West Financial ("Creditor"), by and through its attorney, Christine A. Roberts, of The Law Offices of Christine A. Roberts PLLC, and hereby requests an Order for Relief from the Automatic Stay. This Motion is based upon the entire case file, the Declaration of Mathew Kane, the points and authorities contained herein, and any oral argument the Court may wish to entertain.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. STATEMENT OF FACTS**

1. On or about May 8, 2019, the Debtors filed this Chapter 7 Voluntary Petition and an order for relief was entered.

- 1 -

346400-v1

2. On or about March 1, 2017, Debtor, Lisa Ann Henson entered into a Vehicle Sale Agreement with Nevada West Financial for the 2009 Ford Mustang Vin # 1ZVHT80N095126151 in the amount of $10,366.44. (A copy of the agreement is attached hereto and incorporated herein as Exhibit "1").

3. The agreement term commenced on March 31, 2017 and continued until February 28, 2022. According to the contact the Debtor agreed to pay $263.28 monthly at an annual interest rate of 18%. The loan payoff, including interest as of August 28, 2019, is $8,507.94.

4. Creditor has not received payment on the vehicle in 49 days.

5. Debtor is paying their filing fees in installments. The last payment is due September 5, 2019, but Debtor has not made their installment payments, so Debtor is unable to receive a discharge.

6. Debtor had initially indicated to Creditor that she would sign a reaffirmation agreement, but has since declined to do so.

7. Nevada West Financial is now seeking an order for relief from the automatic stay to allow Creditor to proceed in a voluntary turnover of the vehicle or a repossession process.

## II. ARGUMENT

**A.    The Creditor is Entitled to Relief from the Automatic Stay for "Cause" Under Section 362(d)(1).**

Section 362(d)(1) and (2) are stated in the disjunctive. A creditor may seek relief for cause pursuant to Section 362(d)(1). A creditor is also entitled to relief for an interest in the property and the property is not necessary to effective reorganization. In re Sedona San Carlos Development Company, 59 B.R. 113, 114 (D. Ariz. 1986).

11 U.S.C. Section 362(d)(1) provides

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay and provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -
>
> (1) for cause, including lack of adequate protection of an interest in property of such party in interest;

- 2 -

Creditor, Nevada West Financial's security interest in the subject vehicle is evidenced by certificate of title. (A copy of the Certificate of Title is attached hereto and incorporated herein as Exhibit "2"). Debtor has been in default to the Creditor. Debtor failed to make timely payments. There is no equity for the Debtor or the Debtor's estate. Nevada West Financial is now seeking an order for relief from the automatic stay to allow Creditor to proceed in a voluntary turnover of the vehicle or a repossession process. Cause exists as there is no adequate protection for Creditor. This is a Chapter 7 case so there is no reorganization. (A copy of the "Proposed" Order is attached hereto and incorporated herein as Exhibit "3").

**B.    The Creditor Has No Adequate Protection**

The Creditor's interest in the vehicle is not adequately protected. The Debtor has failed to provide adequate protection for Nevada West Financials interest by making adequate payments. The value of the vehicle is decreasing while the debt to Creditor increases. Therefore, Creditor is entitled to stay relief pursuant to 11 U.S.C. Section 362(d)(1).

**WHEREFORE**, HLS of Nevada LLC *dba* Nevada West Financial prays for judgment as follows:

i.    For an Order granting relief from the automatic stay pursuant to 11 U.S.C. Section 362(d) to continue to exercise its right in the repossession process against the Debtors.

ii.    for an Order binding and effective despite any conversion of this bankruptcy case;

iii.    for such other relief as this Court deems appropriate.

Dated:    August 29, 2019            LAW OFFICES OF CHRISTINE A. ROBERTS

By:    /s/ *Christine A. Roberts*
CHRISTINE A ROBERTS, ESQ.
Attorneys for HLS of Nevada LLC *dba* Nevada West Financial

- 3 -

346400-v1

# EXHIBIT "1"

## SECTION A: CONTRACT FOR SALE AND SECURITY AGREEMENT FOR SALE OF VEHICLE WITH PAYMENT OF SIMPLE INTEREST

Buyer's Name(s): LISA ANN HENSON
Name:
Address: 1050 WHITNEY RANCH DR APT #3013
City: HENDERSON    County: CLARK
State: NV    Zip: 89014
Bus. Phone: (   )    Res. Phone: (   )

CREDITOR: OPEN LOT
Address: 6070 BOULDER HWY
City: LAS VEGAS    County: CLARK
State: NV    Zip: 89122
Phone: ( 702 816-5900

Stock No.: RS2676    Salesman: THOMAS JAMES    Date: 03/01/2017

## SECTION B: DISCLOSURE MADE IN COMPLIANCE WITH FEDERAL TRUTH-IN-LENDING ACT

(e) means an estimate

**ANNUAL PERCENTAGE RATE** The cost of your credit as a yearly rate: **18.000 %**

**FINANCE CHARGE** The dollar amount the credit will cost you: **$ 5430.36**

**Amount Financed** The amount of credit provided to you or on your behalf: **$ 10366.44**

**Total Of Payments** The amount you will have paid after you have made all payments as scheduled: **$ 15796.80**

**Total Sales Price** The total cost of your purchase on credit, including your down payment of $ 2200.00: **$ 17996.80**

Your Payment Schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 59 | 263.28 | MONTHLY BEGINNING 03/31/17 |
| 1 | 263.28 | 2/28/22 |
|  | 0.00 |  |

INSURANCE AND DEBT CANCELLATION: Credit life insurance, credit disability insurance and debt cancellation coverage, which is also known as GAP coverage, are not required to obtain credit, and will not be provided unless you sign and agree to pay the additional cost.

| Type | Premium | Term | Signature(s) |
|---|---|---|---|
| Credit life: | $ N/A | N/A | I want credit life insurance: X |
| Joint credit life: | $ N/A | N/A | We want joint credit life insurance: X |
| Credit disability: | $ N/A | N/A | I want credit disability insurance: X |
| Credit life and disability: | $ N/A | N/A | I want credit life and disability insurance: X |
| Joint credit life and disability: | $ N/A | N/A | We want joint credit life and single disability insurance: X |
| Debt cancellation coverage (GAP coverage) | $ 259.00 | 60 | I want debt cancellation coverage (GAP Coverage): X [signature] |

This instrument is hypothecated to California Republic Bank as collateral for borrowing of HLS of Nevada LLC dba Nevada West Financial

You may obtain property insurance from anyone you want that is acceptable to the Creditor on page 1 of 2. If you get the insurance from the Creditor you will pay $ N/A and the term of the insurance will be N/A.

SECURITY: You are giving a security interest in the goods or property being purchased.
☐ If checked, you are giving a security interest in. N/A

LATE CHARGE: If a payment is more than 10 days late, you will be charged $15 or 8 percent of the payment, whichever is less.
PREPAYMENT: If you pay off early, you will not have to pay a penalty.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and penalties.

## SECTION C: ITEMIZATION OF AMOUNT FINANCED

1. Vehicle Selling Price ............................ $ 10295.00
   Plus Documentary Fee ......................... $ 640.00
   (This charge represents costs and profit to the dealer for items such as inspecting, cleaning, adjusting vehicles and preparing documents related to the sale.)
   Plus: Emissions Inspection Fee ............ $ 24.95
   Plus: Other (              ) .............. $ N/A
   Plus: Other (              ) .............. $ N/A
   Plus: Other (              ) .............. $ N/A
   Total Taxable Selling Price .................... $ 10959.95
2. Total Sales Tax ...................................... $ 893.24
3. Amounts Paid to Public Officials:
   a. Titling Fee ...................................... $ 29.25
   b. Registration Fee ............................. $ N/A
   c. Other ( LICENSE ) ......................... $ N/A
   TOTAL OFFICIAL FEES (Add 3a through 3c) ..... $ 29.25
4. Optional nontaxable fees or charges
   a. PRCO .............................................. $ 425.00
   b. ....................................................... $ N/A
   c. ....................................................... $ N/A
   d. ....................................................... $ N/A
   e. ....................................................... $ N/A
   f. ....................................................... $ N/A
   Total optional nontaxable fees or charges (Add 4a through 4f) $ 425.00
5. TOTAL CASH SALES PRICE ................. $ 12307.44
6. Gross Trade-In Allowance ..................... $ 0.00

## SECTION D: VEHICLE RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT

This contract is made the **01** (day) of **MARCH** (month), of **201** (year), between you, the Buyer(s) shown on page 1 of 2, and us, the Seller shown as Creditor on page 1 of 2. Having been quoted a cash price and a credit price and having chosen to pay the credit price (shown as the Total Sales Price in Section B on page 1 of 2), you agree to buy and we agree to sell, subject to all the terms of this contract, the following described vehicle, accessories and equipment (all of which are referred to in this contract as "Collateral").

New or Used: **USED**    Year and Make: **2009 FORD**

Series: **MUSTAN** Body Style: **2DR COUPE**    No. Cyl: **6**

If truck, ton capacity: _____

Manufacturer's Serial Number: **1ZVHT80N095126151**

Use for which purchased: ☒ Personal  ☐ Business  ☐ Agriculture
INCLUDING
☐ Sun/Moon Roof  ☐ Air Conditioning  ☐ Automatic Transmission
☐ Power Steering  ☐ Power Door Locks  ☐ Power Seats
☐ Power Windows  ☐ Tilt Wheel  ☐ Vinyl Top
☐ Cassette  ☐ Cruise Control  ☐ AM/FM Stereo

| | | |
|---|---|---|
| b. | $ | N/A |
| c. | $ | N/A |
| d. | $ | N/A |
| e. | $ | N/A |
| f. | $ | N/A |
| Total optional nontaxable fees or charges (Add 4a through 4f) $ | | 425.00 |
| 5. TOTAL CASH SALES PRICE ........................ $ | | 12307.44 |
| 6. Gross Trade-In Allowance .......... $ 0.00 | | |

| YEAR | MAKE | MODEL | VIN |
|---|---|---|---|

Less Prior Credit or Lease Balance ...... $ 0.00
Net trade in Allowance (If negative enter 0 and see line 11a) $ 0.00
7. Down Payment (Other Than Net Trade-In Allowance):
  a. Trade-In Sales Tax Credit ........... $ N/A
  b. Cash ..................................... $ 2200.00
  c. Manufacturer's Rebate .............. $ N/A
  d. Deferred Down Payment .......... $ 0.00
  e. Other ( ).. $ N/A
  Down Payment (Add 7a through 7e) .................. $ 2200.00
8. TOTAL DOWN PAYMENT AND
   NET TRADE-IN ALLOWANCE (Add 6 and 7) ............ $ 2200.00
9. UNPAID BALANCE OF CASH SALES PRICE
   (Subtract 8 from 5) ...................... $ 10107.44
10. Plus Optional Insurance and Debt Cancellation Charges*
   a. Credit Life Insurance Premium
      Paid to ( N/A) Term ( N/A) ....... $ N/A
   b. Credit Disability Insurance Premium
      Paid to ( N/A) Term ( N/A) ....... $ N/A
   c. Debt Cancellation Coverage (GAP Coverage)
      Paid to ( ) Term ( CO ) ...... $ 259.00
   d. Other Insurance
      Paid to ( ) Term ( ) ....... $ N/A
   Total Optional Insurance and Debt Cancellation Charges
   (Add 10a through 10d) ..................... $ 259.00
11. Other Amounts Financed*
   a. Prior Credit or Lease Balance
      Paid to ( ) ....... $ N/A
   b. _____
      Paid to ( ) ....... $ N/A
   c. _____
      Paid to ( ) ....... $ N/A
   Total Other Amounts Financed (Add 11a through 11c) .... $ 0.00
12. TOTAL AMOUNT FINANCED (Add 9, 10, and 11) .......... $ 10366.44
   * Seller may retain or receive a portion of this amount.

Manufacturer's Serial Number  1ZVHT80N095126151
Use for which purchased: [X] Personal  [ ] Business  [ ] Agriculture
INCLUDING:
[ ] Sun/Moon Roof      [ ] Air Conditioning   [ ] Automatic Transmission
[ ] Power Steering     [ ] Power Door Locks   [ ] Power Seats
[ ] Power Windows      [ ] Tilt Wheel         [ ] Vinyl Top
[ ] Cassette           [ ] Cruise Control     [ ] AM/FM Stereo
[ ] Compact Disc Player

BLACK  Color _____ Tires _____ Lic. No _____

You, severally and jointly, promise to pay to us the Total of Payments (shown in Section B) according to the Payment Schedule (also shown in Section B), until paid in full, together with interest after maturity at the Annual Percentage Rate disclosed on page 1 of 2.

To secure such payment, you grant to us a purchase money security interest under the Uniform Commercial Code in the Collateral and in all accessions to and proceeds of the Collateral. Insurance in which we or our assignee are named as beneficiary or loss payee, including any proceeds of such insurance or refunds of unearned premiums, or both, are assigned as additional security for this obligation and any other obligation created in connection with this sale. We, our successors and assigns, hereby waive any other security interest or mortgage which would otherwise secure your obligations under this contract except for the security interests and assignments granted by you in this contract.

Address where Collateral will be located:

Street  1050 WHITNEY RANCH DR APT# HENDERSON
County  CLARK                                State  NV

Your address after receipt of possession of Collateral:

Street  1050 WHITNEY RANCH DR APT City# HENDERSON
County  CLARK                                State  NV

**NOTICE OF RESCISSION RIGHTS (Option to Cancel)**
If the Buyer signs here, the notice of rescission rights on page 2 of 2 is applicable to this contract.

Buyer's Signature X _/s/_____
Co-Buyer's Signature X _____

STATE DISCLOSURE REQUIREMENTS: The provisions of Section B and Section C are incorporated into this agreement for purposes of state disclosure requirements.
Additional Terms and Conditions: The additional terms and conditions set forth in this contract are a part of this contract and are incorporated herein by reference.
OPTION: _____ You pay no Finance Charge if the Total Amount Financed, Item No. 12, Section C, is paid in full on or before the _____ (day) of _____ (month) of _____ (year).  SELLER'S INITIALS: _____

**SECTION E:**

☐ If checked, you agree to use electronic records and electronic signatures to document this contract. Your electronic signatures on electronic records will have the same effect as signatures on paper documents. We may designate one authoritative copy of this contract. If we do, the authoritative copy will be the electronic copy in a document management system we designate for storing authoritative copies. We may convert the authoritative copy to a paper original. We will do so by printing one paper copy marked "Original." This paper original will have your electronic signature on it. It will have the same effect as if you had signed it originally on paper. If you agree to use electronic records and electronic signatures, we will comply with all applicable federal, state and local law and regulations.

UPON ENTERING INTO THIS CONTRACT, YOU WILL RECEIVE A PAPER COPY OF THE ORIGINAL CONTRACT ELECTRONICALLY SIGNED AND COMPLETE WITH ALL TERMS, CONDITIONS AND DISCLOSURES TO TAKE WITH YOU.

**NOTICE TO BUYER:**
Do not sign this agreement before you read it or if it contains any blank spaces. You are entitled to a completed copy of this agreement. If you pay the amount due before the scheduled date of maturity of the indebtedness and you are not in default in the terms of the contract for more than 2 months, you are entitled to a refund of the unearned portion of the finance charge. If you fail to perform your obligations under this agreement, the vehicle may be repossessed and you may be liable for the unpaid indebtedness evidenced by this agreement.

If you are buying a used vehicle with this contract, as indicated in the description of the vehicle on page 1 of 2, federal regulation may require a special buyer's guide to be displayed on the window.
THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

The text of the preceding two paragraphs is set forth below in Spanish:
Si usted está comprando un vehículo usado mediante este contrato según la descripción del vehículo en la página 1 de 2, la ley federal podrá exigir que la ventanilla demuestre una guía especial para el comprador.
LA INFORMACIÓN QUE USTED VE EN LA FORMA DE VENTANILLA PARA ESTE VEHÍCULO ES PARTE DE ESTE CONTRATO. LA INFORMACIÓN EN LA FORMA DE VENTANILLA DOMINA CUALESQUIER ESTIPULACIÓN CONTARIA EN EL CONTRATO DE VENTA.

BUYER AND CO-BUYER ACKNOWLEDGE RECEIPT OF A TRUE AND COMPLETELY FILLED-IN PAPER COPY OF THIS CONTRACT AND THE DISCLOSURE ON page 1 of 2 AT THE TIME OF SIGNING.

LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED UNLESS OTHERWISE INDICATED IN SECTION C

Buyer: X _/s/_____     Date: 03/01/2017   Co-Buyer: X _____     Date: _____
Creditor:  OPEN LOT                Date: 03/01/2017   By: X _/s/_____      Title: _____   Date: 03/01/2017

BPI Custom Printing • Form #SAIZN-NV • (Rev. 11/12) (Reprint 4/16) • (800) 339-9686 Nationwide • (800) 296-3316 Northern California • www.bpicustomprinting.com
The Printer makes no warranty, expressed or implied, as to content or fitness for purposes of this form. Consult your own legal counsel

PAGE 1                                                                        Item 619-NV
                                                                              ORIGINAL

## ADDITIONAL TERMS AND CONDITIONS

**Simple Interest Contract:** This is a simple interest contract. The Finance Charge, Total of Payments and Payment Schedule set forth in the disclosures on page 1 of 2 may differ. The final payment may differ depending upon the dates payments are received and events which occur after this contract is made. For example, early payments will have the effect of reducing your final payment, while late payments will cause your final payment to be higher. Your promise requires you to pay the final payment on the date due, which payment will be equal to all unpaid sums due under this contract, even if the amount of the final payment differs from the amount of final payment disclosed on page 1 of 2 of this contract.

**Default:** If you default in the performance of this agreement, because (1) you fail to make a payment later than 30 days past the date required by the agreement, or (2) the prospect of payment, performance or realization of collateral is significantly impaired (the burden of establishing the prospect of significant impairment is on the Seller), we may at our option and without notice or demand (1) declare all unpaid sums immediately due and payable, (2) file suit against you for all unpaid sums and (3) take immediate possession of the vehicle. Upon taking possession of the vehicle and giving notice as provided by law, if you do not redeem the vehicle, we will sell it at public or private sale. We may purchase the vehicle at any sale. The proceeds of the sale will be applied first to the expenses of retaking, reconditioning, storing and selling the property, and the remainder will be applied to the unpaid sums owing under this contract. Attorney's fees and court costs are allowed too. If there is any money left over (surplus), it will be paid to you. If a balance still remains owing, you promise to pay that balance upon demand. If you default or breach this agreement, you agree to pay finance charges at the Annual Percentage Rate shown on page 1 of 2 until all sums owing us are paid in full. Our remedies are cumulative and taking of any action is not a waiver and does not prohibit us from pursuing any other remedy. You promise to pay reasonable collection costs and expenses, including attorney's fees, if you default under this agreement. If suit is filed, you agree that attorney's fees and costs will be awarded to the prevailing party. If the vehicle is repossessed we may store personal property found in the vehicle for your account and at your expense and, if you do not claim the property within 90 days after the repossession, we may dispose of the personal property in any manner we deem appropriate without liability to you.

**Delinquency and Collection Charges:** You will pay a delinquency charge equal to the lesser of $15 or 8 percent of any installment in default for more than 10 days. If you default as described in the preceding paragraph and we refer this contract for collection to an attorney who is not our salaried employee or a salaried employee of the holder of this contract, you will pay reasonable attorney's fees plus court costs, and reasonable collection costs to the extent not prohibited by law.

**Demand for Full Payment and Additional Remedies on Default:** If you default under this contract, at the time of the default or any time after default (if the default has not been cured previously) we may require immediate payment of the unpaid portion of the amount you owe us. If there is any money left over (surplus) it will be paid to you. On any default, we will have all the remedies of a secured party under the Uniform Commercial Code. If the cash price on page 1 of 2 is $1,000 or less, you will not be personally liable for any deficiency incurred in a sale after repossession.

**Ownership of the Collateral:** You represent that there are no liens, claims or encumbrances on the Collateral except for the security interest you grant by this contract to us and you further represent that you have executed no financing statement covering the Collateral except for one relating to this contract.

**Location and Use of Collateral:** You agree to notify us in writing of any change of your address or of any change in the location of the Collateral. Unless you first have received our written consent, you may not permanently take the Collateral out of the State shown in Section D in the section entitled "Address Where Collateral Will Be Located" and you may not sell, lease or otherwise dispose of the Collateral or any part of it by any means. You will comply with all laws, ordinances, regulations and orders relating to the Collateral. You will keep the Collateral in good condition and will not alter or substantially modify it or conceal it. You will not allow any other security interest on the Collateral besides the security interest granted to us under this contract.

**Inspection of the Collateral:** We may inspect the Collateral at any reasonable time.

**Taxes:** You are responsible for and will pay when due all taxes and assessments levied on the Collateral. If you fail to do so, we may pay any such tax or assessment on your behalf. An amount equal to that which we paid will be added to the Total of Payments then owing, and you will be charged a finance charge on the amount we paid at the highest lawful contract rate.

**Property Insurance:** You will keep the Collateral insured against such risks and in such amount as we may from time to time require with an insurer that you choose and we approve. As indicated in Section B, if you choose, we will obtain property insurance for you at the premium shown. Whether the insurance is provided by you or by us, you will pay all premiums for this insurance when the premiums are due and payable. If you provide property insurance, you will deliver the policies to us as additional security and will provide us with receipts showing payment of premiums. If you do not obtain the insurance or pay the premiums, we may do so for you. If we do this, an amount equal to that which we have paid for the premiums will be added to the Total of Payments then owing and a finance charge at the highest lawful rate will be charged on that amount. If we do not obtain the insurance, none of our other rights and remedies will be prejudiced. You agree that any proceeds from insurance are to be used to either repair or replace the vehicle. Whether or not the vehicle is insured, you must pay for it if it is lost, damaged or destroyed. If you default (as described on page 2 of 2), we may cancel the insurance and credit any insurance premium refunds to the unpaid balance of this contract. LIABILITY INSURANCE IS <u>NOT</u> REQUIRED BY THIS CONTRACT. YOU HAVE THE RIGHT TO CHOOSE THE PERSON THROUGH WHOM LIABILITY INSURANCE IS TO BE OBTAINED.

**Information to Insurance Company or Agent:** You give your permission to furnish any information about the Collateral or any information about insurance policies on the Collateral to an insurance agent or company.

**Credit Life Insurance, Credit Disability Insurance and Debt Cancellation Coverage (GAP Coverage):** If you indicated in Section B that you want optional credit life insurance, credit disability insurance or debt cancellation coverage (GAP coverage), or any combination thereof, you agree to pay for such insurance at the premium shown in Section B.

**NO WARRANTIES:** THE SELLER MAKES NO REPRESENTATIONS, PROMISES OR WARRANTIES, EXPRESS OR IMPLIED, AS TO THE MERCHANTABILITY OF THE COLLATERAL OR WHETHER THE COLLATERAL IS SUITABLE OR FIT FOR THE PARTICULAR PURPOSE INTENDED UNLESS THE SELLER HAS DONE SO IN THIS CONTRACT OR IN A SEPARATE WRITTEN AGREEMENT SIGNED BY THE SELLER AS THE ORIGINAL SELLER OF THE COLLATERAL. HOWEVER, IF THE SELLER MAKES AN EXPRESS WARRANTY IN THIS CONTRACT OR IN A SEPARATE WRITTEN AGREEMENT SIGNED BY THE SELLER OR, WITHIN 90 DAYS AFTER THE DATE OF THIS CONTRACT, THE SELLER ENTERS INTO A SERVICE CONTRACT WITH THE BUYER THAT APPLIES TO THE COLLATERAL, THE EXCLUSION OF IMPLIED WARRANTIES SET FORTH IN THIS PARAGRAPH DOES NOT EXCLUDE ANY IMPLIED WARRANTIES THAT MAY EXIST WITH RESPECT TO THE COLLATERAL DURING THE TERM OF THE CONTRACT OR AGREEMENT IN WHICH THE EXPRESS WARRANTY IS MADE.

**Notices:** Any notice we have to give you pursuant to the Uniform Commercial Code will be reasonable if we send it to your address shown in Section D in the section entitled "Your Address After Receipt of Possession of Collateral" at least 5 days before the event with respect to which notice is required unless we have actual knowledge of a change in your address and, in that event, the notice will be reasonable if we send it to the changed address.

**Time is of the Essence:** You understand that all payments that are required must be made on the day due.

**Exercising Our Rights:** We can, without notice, delay enforcing our rights or exercise only part of them, without losing them, or waive a right we have to one Buyer without waiving it as to the other(s).

**Meaning of Words:** In this contract the words "you" and "your" means each and all those who sign this contract as Buyers or Co-Buyers, and their heirs, executors, administrators, successors and assigns. The words "we," "us" and "ours" means the Creditor shown on page 1 of 2 in Section A, and if this contract is assigned, its successors and assigns and any other holder of this contract.

**Governing Law:** This contract has been delivered in the state of Creditor's place of business and it is governed by the laws of that State and, where applicable, federal law.

**Invalidity:** Wherever possible each provision of this contract shall be interpreted so that it is valid under applicable law, but if any provision is prohibited or invalid, the remaining provisions of this contract will continue to be valid.

**Notice of Recission Rights (Option to Cancel):** The provisions of this paragraph only apply if you have signed the notice of rescission rights on page 1 of 2 of this contract. (1) You agree to furnish the Seller any documentation necessary to verify information contained in your credit application. (2) You acknowledge that it may take a few days for the Seller to verify your credit and assign the contract. In consideration of the Seller agreeing to deliver the vehicle, you agree that if the Seller is unable to assign the contract to a Financial Institution with whom the Seller regularly does business pursuant to terms of assignment acceptable to the Seller, the Seller may elect to rescind the contract. (3) If the Seller elects to rescind the contract, the Seller shall, within 20 days after the date of the contract, give you notice of the rescission. Such notice shall be deemed given upon deposit of a written notice in the United States mail directed to you, at the address you stated in the contract or upon any other manner in which actual notice is given to you. Upon receipt of such notice, you shall immediately return the vehicle to the Seller in the same condition as when sold, reasonable wear and tear excepted, and the contract shall be deemed rescinded. The Seller agrees, upon rescission of the contract to restore to you all consideration received in connection with the contract, including any trade-in vehicle. (4) If the vehicle is not immediately returned to the Seller after giving notice of the Seller's election to rescind the contract, you are liable to the Seller for all expenses incurred by the Seller in obtaining possession of the vehicle, including attorney's fees, and the Seller has the right to repossess the vehicle as permitted by law. (5) While the vehicle is in your possession, all terms of the contract, including those related to the use of the vehicle and insurance for the vehicle, are in force and all risk of loss or damage to the vehicle must be assumed

is unable to assign the contract to a Financial Institution with whom the Seller regularly does business pursuant to terms of assignment acceptable to the Seller. The Seller may elect to rescind the contract. (3) If the Seller elects to rescind the contract, the Seller shall, within 20 days after the date of the contract, give you notice of the rescission. Such notice shall be deemed given upon deposit of a written notice in the United States mail directed to you at the address you stated in the contract or upon any other manner in which actual notice is given to you. Upon receipt of such notice, you shall immediately return the vehicle to the Seller in the same condition as when sold, reasonable wear and tear excepted, and the contract shall be deemed rescinded. The Seller agrees, upon rescission of the contract, to restore to you all consideration received in connection with the contract, including any trade-in vehicle. (4) If the vehicle is not immediately returned to the Seller after giving notice of the Seller's election to rescind the contract, you are liable to the Seller for all expenses incurred by the Seller in obtaining possession of the vehicle, including attorney's fees, and the Seller has the right to repossess the vehicle as permitted by law. (5) While the vehicle is in your possession, all terms of the contract, including those related to the use of the vehicle and insurance for the vehicle, are in force and all risk of loss or damage to the vehicle must be assumed by you. You shall immediately pay all reasonable repair costs related to any damage to the vehicle while it is in your possession or under your control and until the vehicle is returned to the Seller.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

If you are buying a used vehicle with this contract, as indicated in the description of the vehicle on page 1 of 2, federal regulation may require a special buyer's guide to be displayed on the window.

**THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

Assignment: Seller may transfer this contract to another person ("Assignee"). That person will have all Seller's rights, privileges and remedies. The Seller may assign this contract electronically. Contact Assignee about this contract at

Assignee: NEVADA WEST FINANCIAL   Address: _____   Telephone: _____
Seller Signs: P.O. BOX 94703   By: Shawn Toney
Title: _____ LAS VEGAS, NV 89193   Date: 3/12/17

To induce Assignee to purchase the contract, Seller represents and warrants to Assignee as follows: (a) the contract is genuine and the statements and amounts inserted herein are correct; (b) the contract and security interest arose entirely from the sale of the Collateral or services described in the contract, or both; (c) the down payment, if any be shown on page 1 of 2 of this contract, has been received and no part thereof was advanced directly or indirectly by Seller to Buyer; (d) the goods and services have been furnished to the satisfaction of Buyer and all obligations of warranty to Buyer, either express or implied, have been and will continue to be fulfilled by Seller; (e) the Collateral or services, or both, have been sold, provided and delivered to and accepted by Buyer; (f) the security interest granted to Seller in the contract constitutes a valid first lien on the Collateral and has been filed or recorded according to law to preserve the priority of each lien; (g) the Collateral is free and clear of all liens and encumbrances, except the security interest granted by this contract; (h) the full amount of the stated Total of Payments remains unpaid; (i) Seller is the holder of the contract and the security interest in the Collateral free and clear of all liens and encumbrances and Seller has full power and authority to assign the same; (j) the transaction was consummated on the above date set forth in the contract and Buyer did not receive possession of the Collateral prior to the date of consummation; (k) Buyer was furnished a completed copy of the contract prior to consummation; (l) the Collateral is insured with a company acceptable to Assignee against physical damage in addition to such other risks as Assignee requires under an insurance policy acceptable to Assignee; (m) Seller has not knowingly communicated to Assignee incorrect information relating to the Buyer's application or credit statement or knowingly failed to communicate information relating to such application or credit statement; (n) the facts set forth in the contract are true; (o) Buyer has no defense or counterclaim to payment of the obligation evidenced by the contract; (p) Buyer is or if more than one, each is not a minor and has legal capacity to execute this contract and is liable thereon; and (q) Seller has no reason to believe the Buyer has ever violated any laws concerning liquor or narcotics.

In the event any warranty shall be breached or any representation shall be false, Seller shall, upon demand and irrespective of whether the contract is then in default, repurchase the contract from Assignee at a price equal to the unpaid balance of the contract plus accrued interest, or such other amount agreed to by Seller and Assignee in a separate agreement as in effect on the date of such demand by Assignee, plus any costs or expenses of collection, including attorney's fees, whether incurred by Assignee by suit or on appeal or otherwise. Seller waives all defenses that otherwise might have been available but nothing herein contained shall preclude Assignee from enforcing against Seller any other remedies provided by law for misrepresentation or breach of warranty. In the event of any proceedings commenced by Assignee against Buyer with respect to the contract, services or the Collateral, if Buyer asserts as a defense, setoff or counterclaim any act, omission or default by Seller, Seller shall forthwith on demand repurchase the contract for the amount set forth above. The provisions of this assignment shall be binding on the heirs, representatives, successors and assigns of Seller and shall inure to the benefit of the successors and assigns of Assignee. The above assignment provisions apply and are in addition to any obligations of Seller as provided in the paragraph below endorsed by Seller.

**1. RECOURSE:** Seller absolutely and unconditionally guarantees the prompt payment of either the total unpaid amount of the contract and any accrued interest or such other amount agreed to by Seller and Assignee in a separate agreement, together with all costs, expenses and reasonable attorney's fees incurred in the collection of said amount. Seller waives all defenses arising by reason of any failure to give notice of acceptance of this guaranty or default of Buyer, or arising by reason of any extension of time given to Buyer, or by reason of any failure by Assignee to pursue Buyer or the Collateral or other property of Buyer or to resort to other security or remedies which may be available, and waives any and all defenses arising out of the guarantor relationship.

Seller: OPIN 1 DT   By: Shawn Toney
Title: General Mgr   Date: 3/12/17

**2. REPURCHASE:** In the event of default by the Buyer under any of the terms or conditions of the contract, Seller will repossess and repurchase the Collateral or, if the Collateral has already been repossessed, Seller will repurchase the Collateral at the place of repossession or recovery. The Collateral will be repurchased in any event AS IS, at a price equal to the then unpaid balance of the contract and any accrued interest, or such other amount agreed to by Seller and Assignee in a separate agreement as in effect as of the default, together with all costs, expenses and reasonable attorney's fees incurred by Assignee in the collection of said amount. Seller waives all defenses arising by reason of any failure to give notice of acceptance of this agreement or default of Buyer, or arising by reason of extension of time given to Buyer, or by reason of any failure by Assignee to pursue Buyer or the Collateral or other property of Buyer or to resort to other security or remedies which may be available, and waives all other defenses that might otherwise have been available. At the time of repurchase, Seller shall pay to Assignee the purchase price in cash and Assignee may reassign to Seller without recourse and without warranties, express or implied, all title retention or lien instruments and all contracts or promissory notes which Assignee then holds upon such Collateral.

Seller: _____   By: _____
Title: _____   Date: _____

**3. LIMITED ENDORSEMENT:** In the event of default of Buyer before Buyer shall have paid the first _____ installments under the foregoing contract, Assignee may reassign the contract to Seller and Seller agrees, upon tender of such reassignment and in consideration thereof to pay to Assignee either the then unpaid balance of the contract and any accrued interest, or such other amount agreed to by Seller and Assignee in a separate agreement as in effect as of the reassignment, together with all costs, expenses and reasonable attorney's fees incurred in the collection of said amount. Seller waives all defenses arising by reason of any failure to give notice of acceptance of this agreement or default of Buyer, or arising by reason of any extension of time given to Buyer, or by reason of any failure by Assignee to pursue Buyer or the Collateral or other property of Buyer or to resort to other security or remedies which may be available, and Seller waives any other defenses that might otherwise have been available.

Seller: _____   By: _____
Title: _____   Date: _____

**4. WITHOUT RECOURSE:** This assignment shall be without recourse against Seller except for such obligations as are set forth in the assignment above.

Seller: _____   By: _____
Title: _____   Date: _____

SAIZN-NV 11/12                                                    PAGE 2

EXHIBIT "2"

# STATE OF NEVADA
## DEPARTMENT OF MOTOR VEHICLES

### CERTIFICATE OF TITLE

2868

| VIN | YEAR | MAKE | MODEL | VEHICLE BODY | TITLE NUMBER |
|---|---|---|---|---|---|
| 1ZVHT80N095126151 | 2009 | FORD | MUSTAN | PCP | NV009429962 |

| DATE ISSUED | ODOMETER MILES | ODOMETER BRAND | FUEL TYPE | EMPTY WT | GROSS WT |
|---|---|---|---|---|---|
| 04/04/2017 | 71126 | ACTUAL MILES | G | | |

PRINT DATE   04/7/2017

VEHICLE BRANDS         BRAND DATE

**MAIL TO**
NEVADA WEST FINANCIAL
PO BOX 94703
LAS VEGAS NV  89193-4703

VOID

**OWNER(S) NAME AND ADDRESS**
HENSON LISA ANN
1050 WHITNEY RANCH DR APT 3013
HENDERSON NV  89014-3048

**LIENHOLDER NAME AND ADDRESS**
NEVADA WEST FINANCIAL
PO BOX 94703
LAS VEGAS NV  89193-4703

**LIENHOLDER RELEASE** – SECURITY INTEREST IN THE VEHICLE DESCRIBED ON THIS TITLE IS HEREBY RELEASED.

_____     _____
SIGNATURE OF AUTHORIZED AGENT                         DATE

_____
PRINTED NAME OF AGENT AND COMPANY

FEDERAL AND STATE LAW REQUIRES THAT YOU STATE THE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE OR PROVIDING A FALSE STATEMENT MAY RESULT IN FINES AND/OR IMPRISONMENT.
The undersigned hereby certifies the vehicle described in this title has been transferred to the following buyer(s):

☐ AND
Printed Full Legal Name of Buyer                    Nevada Driver's License or Identification Number    ☐ OR

Printed Full Legal Name of Buyer                    Nevada Driver's License or Identification Number

Street Address                              City             State        Zip Code

I certify to the best of my knowledge the odometer reading is the actual mileage of the vehicle unless one of the following is checked.

| ODOMETER READING | NO TENTHS | ☐ The mileage stated is in excess of its mechanical limits.<br>☐ The odometer reading is not the actual mileage. WARNING: ODOMETER DISCREPANCY<br>☐ Exempt – Model year over 9 years old |
|---|---|---|

Signature of Seller(s)/Agent/Dealership          Printed Name of Seller(s)/Agent/Dealership

I am aware of the above odometer certification made by the seller/agent          Dealer License Number _____ Date of Sale _____

Signature of Buyer                               Printed Full Legal Name of Buyer

ACCORDING TO THE RECORDS OF THE DEPARTMENT OF MOTOR VEHICLES, THE PERSON NAMED HEREON IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE, SUBJECT TO LIEN AS SHOWN.

CONTROL NUMBER
3925560

(THIS IS NOT A TITLE NUMBER)

VP-2 (Rev 01/ 2016)

ALTERATION OR ERASURE VOIDS THIS TITLE

EXHIBIT "3"

The Law Offices of Christine A. Roberts PLLC
Christine A. Roberts, Esq.
Nevada Bar No: 6472
3815 S. Jones Blvd. Suite 5
Las Vegas, NV 89103
Telephone: (702) 728-5285
Email: christine@crobertslaw.net

Attorneys for HLS of Nevada LLC *dba* Nevada West Financial

UNITED STATES BANKRUPTCY COURT
District of Nevada

| | |
|---|---|
| In Re<br><br>LISA ANN HENSON<br><br>Debtor. | CASE NO.: BK-S-19-12871-BTB<br><br>Chapter 7<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Hearing Date: October 8, 2019<br><br>Hearing Time: 10:00 a.m. |

Creditor, HLS of Nevada LLC *dba* Nevada West Financial of the above-entitled bankruptcy Estate ("the Creditor"), by and through its attorney Christine A. Roberts, Esq. of The Law Offices of Christine A. Roberts PLLC, the Motion for Relief from the Automatic Stay having come on for hearing on October 8, 2019, at the hour of 10:00 a.m., and no other appearances noted on record, and the Court being well and sufficiently satisfied, orders the following:

**IT IS HEREBY ORDERED** that the Motion is granted;

- 1 -

346400-v1

1     **IT IS FURTHER ORDERED** that Creditor, HLS of Nevada LLC *dba* Nevada West Financial ("Creditor") has relief from the automatic stay pursuant to 11 U.S.C. Section 362(d) to pursue all legal remedies relevant to a 2009 Ford Mustang Vin # 1ZVHT80N095126151 automobile, including but not limited to, initiating or continuing with any repossession actions;

    **IT IS FURTHER ORDERED** that this order shall remain binding in the event the case is converted.

    **IT IS SO ORDERED.**

    Submitted by:

Dated this _____ day of October 2019

_____
CHRISTINE A. ROBERTS, ESQ.
LAW OFFICES OF CHRISTINE A. ROBERTS
3815 S Jones Blvd. Suite 5
Las Vegas, NV 89103
Attorney for HLS of Nevada LLC *dba* Nevada West Financial

346400-v1

**LOCAL RULE 9021 DECLARATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the Court's ruling and that:

☐ The court has waived the requirement set forth in LR 9021(b)(1).

☐ Debtor appeared at the hearing; Debtor did not file an objection to the motion. Debtor waived signature.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

Dated:                                                        LAW OFFICES OF CHRISTINE A. ROBERTS

                                                              By:    /s/Christine A. Roberts
                                                                     CHRISITNE A. ROBERTS, ESQ.
                                                                     Attorney for Creditor, HLS of Nevada
                                                                     LLC *dba* Nevada West Financial

346400-v1